FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 JUL -2 AM 9:47

U.S. DISTRICT COURT
N.D. OF ALABAMA

BILLY JOE GLASSCOCK, )
DONALD HALL, and MURRAY GLASS, )
    )
    PLAINTIFFS, )
    )
VS. ) CV97-H-3247-S
    )
ABC RAIL PRODUCTS CORPORATION, )
and TONY CHICKERELL, )
    )
    DEFENDANTS. )

ENTERED

JUL - 2 1998

**MEMORANDUM OF DECISION**

On December 24, 1997, defendants ABC Rail Products Corporation ("ABC") and Tony Chickerell filed a motion to dismiss and/or motion for summary judgment addressed to all of plaintiffs' claims, except the claim set forth by plaintiff Glasscock in Count II of the Complaint against ABC. On January 6, 1998 the court ordered that the motion would be treated as a motion for summary judgment and set up a deadline schedule of submissions by the parties. Following several extensions provided at the request of plaintiffs, the motion was deemed submitted, without oral argument, for decision by the court on June 10, 1998. See March 23, 1998 Order; April 14, 1998 Order; May 11, 1998 Order. Despite these extensions plaintiffs submitted no evidence in opposition to the motion. Defendants submitted an affidavit of defendant Chickerell on December 24, 1997 and a memorandum of law on January 20, 1998. Plaintiffs submitted a short brief on February 3, 1998.

## I. BACKGROUND

### A. Procedural History

This action was initiated when plaintiffs on November 14, 1998 filed a complaint in the Circuit Court of Shelby County alleging breach of contract, fraud, misrepresentation, defamation and wrongful termination. See Complaint. Specifically, plaintiff Glasscock alleges in Count II a breach of the union contract as to the obligation to honor the employee's request to return him to a non-supervisory job within one year of his transfer to a supervisory position.[1] Id. All three plaintiffs assert claims of wrongful termination against defendants in Count I and in Count III. The offending conduct under Count I is characterized as negligent or wanton. The offending conduct in Count III is characterized as fraudulent. As to Count III, plaintiffs allege that Gene Zeimba made fraudulent statements or misrepresentations at plant employee meetings by stating that plaintiffs were "untrainable," "stubborn as mules," "voluntarily resigned," "were laid-off" or "pursued other interests." Id. In Count IV all three plaintiffs assert a defamation claim based on Zeimba's statements that they were "untrainable," "stubborn as mules," and "other such damaging statements." Id.

Plaintiffs Glass and Glasscock again assert in Count V of the complaint that defendants wrongfully terminated them. Again the offending conduct is characterized as negligent, wanton and

---

[1] Defendant ABC does not seek summary judgment in its favor on this claim. Thus, the court will not address the claim against ABC embraced in Count II of the complaint at this time.

fraudulent. More specifically plaintiffs allege that Chickerell and other agents of ABC fraudulently or by misrepresentations added their names to a list of employees who were to be terminated. Id. According to plaintiffs, ABC's home office in Chicago, Illinois provided the original list. Id.

Defendants removed the action to this court on December 19, 1997 based on the preemption of § 301(a), 29 U.S.C. § 185(a), of the Labor Management Relations Act. The court denied plaintiffs' motion to remand. See March 23, 1998 Order.

### B.  Undisputed Facts

Plaintiffs were employed by ABC from the 1970's until April 1, 1996. During their time at ABC plaintiff held many different positions. On April 1, 1996 defendant Tony Chickerell issued plaintiffs their respective notice of termination. At that time Chickerell served as ABC's Personnel Manager.

## II.  LEGAL ANALYSIS

### A.  Summary Judgment Standard

Defendants seek summary judgment in this case on all claims by plaintiffs, except plaintiff Glasscock's claim of breach of contract in Count II of the Complaint against ABC. Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

3

is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real

Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to **affirmatively** show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-

moving party's case. Fitzpatrick, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. Lewis v. Casey, ____ U.S. ____, 116 S. Ct. 2175 (1996).

### B. Analysis of Plaintiffs' Claims

In Count I and in Count III all plaintiffs assert that defendants wrongfully terminated (by negligent, wanton and/or fraudulent conduct) their employment with ABC. See Complaint at ¶¶ 9 & 19. Then in Count V plaintiffs Glass and Glasscock again assert that defendants negligently or wantonly or fraudulently terminated their employment with ABC. Id. at ¶ 30. The court will treat these unlawful termination claims collectively.

In relation to defendant Chickerell, plaintiffs have failed to assert or present any evidence of any employment contract between plaintiffs and Chickerell or any evidence that Chickerell was a party to the union contract. Chickerell could not wrongfully terminate plaintiffs because he was not their employer and thus had no duty in relation to their continued employment. Chickerell could not breach the union contract because he was not

6

a party thereto.[2] Further, there is simply no evidence to support an allegation that Chickerell acted fraudulently or that plaintiff relied upon any fraudulent conduct of Chickerell.[3] For these reasons, defendant Chickerell is entitled to summary judgment in his favor as to the claims against him in Counts I, II, III[4] and V of the complaint.

In relation to defendant ABC, plaintiffs fair no better. The court must look to the only verified evidence in the record, defendant Anthony Chickerell's affidavit. In the affidavit

---

[2] The court does not view Count II of the complaint as asserting a claim against defendant Chickerell. However, due to plaintiffs' vague use of the term "defendants" in Count II the court will grant defendant Chickerell's motion for summary judgment as to any arguable claim against Chickerell for breach of contract under Count II.

[3] For example, in Count V plaintiffs allege that "Tony Chickerell . . .intentionally and/or willfully made false representations of material fact" when he "intentionally added [Glasscock and Glass's] names to the original list of names of employees suggesting who were to be terminated." See Complaint at ¶¶ 28 & 29. There is no evidence even suggesting that Chickerell was not authorized to add the names. Further, and more importantly, based on the absence of any evidence that plaintiffs detrimentally relied on Chickerell's adding their names to the list, both defendant Chickerell and ABC are entitled to summary judgment in their favor on the fraud aspect of the claim embraced in Count V of the complaint. Even assuming plaintiffs have sufficient evidence of detrimental reliance, as employees-at-will their allegation of loss of employment would be inadequate as damages in the fraud claim. Kidder v. AmSouth Bank, 639 So. 2d 1361 (Ala. 1994).

[4] In Count III, plaintiffs' claims are based on statements by Gene Zeimba. The allegations in Count III fail to include any allegations concerning defendant Chickerell and fails to assert any relationship between Chickerell and Zeimba that would provide any basis for liability to be assigned to Chickerell. Therefore, the court alternatively concludes that for this separate reason Chickerell is entitled to summary judgment in his favor as to the fraud/misrepresentation claims contained in Count III of the complaint.

Chickerell states that "when plaintiffs were terminated by ABC Rail on April 1, 1996, none of the plaintiffs were employed under a written contract of employment, nor was the employment of the plaintiffs for any set duration or period of time. Plaintiffs could quit their employment or be terminated by ABC Rail at any time." See Chickerell Affidavit filed December 24, 1997. Based on the evidence presented, the court concludes that each plaintiff was an employee-at-will of defendant ABC and plaintiffs have no viable claim for wrongful termination. Harrell v. Reynolds Metal Co., 495 So. 2d 1381, 1387 (Ala. 1986) (No wrongful termination claim exists for an at-will employee unless reason for termination contravenes public policy.); Marnon v. City of Dothan, 677 So. 2d 755, 760 (Ala. Civ. App. 1995); Wright v. Dothan Chrysler Plymouth Dodge, Inc., 658 So. 2d 428, 431 (Ala. 1995)(An at-will employee's wrongful termination claim must fall within a legislatively created exception in order to state a cause of action.). Further, as with defendant Chickerell, there is no evidence that ABC acted fraudulently or that plaintiffs relied upon any fraudulent conduct of ABC.

 Defendant ABC argues that it is entitled to summary judgment on plaintiffs' Count III fraud claims premised on Zeimba's statements because the statements do not constitute false material fact and plaintiffs have failed to show that they relied to their detriment on these statements. The court agrees that statements about plaintiffs being "untrainable" and "stubborn as mules" are not facts, but rather opinions. Yet, statements about

plaintiffs' employment ending because they were laid-off, voluntarily resigned or pursing other interests arguably could under some circumstances constitute a false factual statement.

Plaintiffs have failed to set forth allegations or evidence indicating that they detrimentally relied on Zeimba's statements. "Absent proof that [plaintiffs] relied to [their] detriment on a misrepresentation, the fraud claim must fail as a matter of law." Wilson v. Southern Medical Ass'n, 547 So. 2d 510 (Ala. 1989); Southern Energy Homes v. AmSouth Bank, ___ So. 2d ____, 1998 WL 32584 (Ala. Jan.30, 1998); Hughes v. Hertz Corp., 670 So. 2d 882, 885 (Ala. 1995). Defendant ABC is entitled to summary judgment in its favor as to claims against it in Counts I, III and V of the complaint.

Zeimba's statements that plaintiffs were "untrainable" and "stubborn as mules" also serve as the basis for plaintiffs' defamation claim in Count IV of the complaint. Defendants assert that neither of Zeimba's statements are capable of communicating a defamatory meaning. The question of whether a communication is reasonably capable of a defamatory meaning is a question of law. Camp v. Yeager, 601 So. 2d 924, 926 (Ala. 1992).

A statement is to be tested by the court using the meaning that a reader of common and reasonable understanding would ascribe to it. Kelly v. Arrington, 624 So. 2d 546, 548 (Ala. 1993). The court concludes as a matter of law that Zeimba's statements do not provide a basis for recovery for defamation. Such statements fall far short of being defamatory per se.

Therefore, plaintiffs must allege and prove special damages resulting from the defamation in order to recover under a per quod theory. Ceravolo v. Brown, 364 So. 2d 1155, 1156-57 (Ala. 1978); Clark v. America's First Credit Union, 585 So. 2d 1367 (Ala. 1991). Under Alabama law, neither bare assertions of mental suffering nor general damage to a business reputation are sufficient to support a claim under slander per quo for special damages. Ceravolo, 364 So. 2d at 1156. For the foregoing reasons defendant ABC is entitled to summary judgment in its favor as to plaintiffs' defamation claims in Count IV of the complaint.[5]

The court is satisfied that there is no dispute as to any material fact and that defendants are entitled to summary judgment in their favors as indicated above. Plaintiffs cannot resist a motion for summary judgment supported by verified, uncontradicted evidence by producing no evidence and merely by relying upon allegations in the complaint, particularly where that evidence establishes that plaintiffs were employees-at-will of one defendant not employees at all of the other defendant, a central and critical fact to the claims in this case.

---

[5] The court does not view Count IV as pursued against Chickerell, but if it were so construed he also would be entitled to summary judgment in his favor.

The only claim that will remain in this action is plaintiff Glasscock's claim against ABC for breach of the union contract as embraced in Count II. A separate order will be entered.

DONE this 2nd day of July, 1998.

_____
SENIOR UNITED STATES DISTRICT JUDGE

11